UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
Ronald Alan Davidson,
    Debtor.                                             No. 13 - 04-18262 - SA

**MEMORANDUM OPINION ON CONFIRMATION, NORFOLK & WHEI'S MOTION FOR RELIEF FROM AUTOMATIC STAY, AND ON NORFOLK & WHEI'S APPLICATION FOR TREATMENT OF RENT AS A PRIORITY ADMINISTRATIVE EXPENSE and ORDERS DENYING SAME**

This matter came before the Court for hearings on Confirmation of Debtor's Chapter 13 Plan and objections thereto, Creditor Norfolk & Whei, L.L.C.'s (N&W's) Motion for Relief from the Automatic Stay, and N&W's Application for Treatment of Rent Owed by Debtor as a Priority Administrative Expense. Debtor appeared through his attorneys Steven K. Eisenberg and Jeffrey A. Goldberg. N&W appeared through its attorney Jeffrey Trespell. The Chapter 13 Trustee appeared through her attorney Annette DeBoise. Creditors Bungay appeared through their attorney George Moore. At the hearing on the stay motion and administrative expense motion Debtor questioned the identity/standing of N&W to appear before the Court. The Court issued an interim Order (doc 63) directing the parties to brief the identity/standing issues.

    For the reasons set forth below, the Court finds that N&W has standing, that the plan should not be confirmed, that the automatic stay should be terminated and that N&W is not entitled to an administrative priority expense. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A), (B) and (L).

FACTS

1. N&W is a New Mexico limited liability company that was organized on May 27, 1998.

2. There is no entity called Norfolk & Whei Corporation organized under or registered with the state of New Mexico.

3. On or about October 19, 2000, John and Barbara Bungay entered a lease with "Norfolk & Whei Corporation" for space at 717 Coal Avenue SE, Albuquerque, New Mexico. The lease was executed by William Ferguson, "President, Norfolk & Whei Corporation" and John Bungay. A copy of the lease appears as Exhibit A to docket #30.

4. On or about May 1, 2002, "Norfolk & Whei Corporation" entered a sublease with the Debtor for a portion of 717 Coal Avenue SE. The sublease was executed by Ron Davidson, individually and d/b/a T&T Management and by William Ferguson, Norfolk & Whei Corporation. The notarized acknowledgement states that the sublease was executed by W. Ferguson of Norfolk & Whei, "a LLC corporation."

5. At trial, William Ferguson testified that Norfolk & Whei, LLC entered the lease with Bungay and the sublease with Debtor.

6. Debtor last paid rent in May, 2004.

7. Debtor claims he was constructively evicted from the subleased space due to pollution, and claims no rent is due.

Case 04-18262-s13    Doc 174    Filed 08/11/06    Entered 08/11/06 10:39:02 Page 2 of 11

Debtor notified both N&W and Bungay of the condition before the bankruptcy was filed.

8. The sublease calls for monthly rent of $2,250 from May 1, 2004 through October 31, 2009 if options are exercised to extend the sublease past April 30, 2005.

9. Debtor filed this Chapter 13 proceeding on November 12, 2004.

10. Debtor has a pending lawsuit ("Lawsuit") in the United States District Court for the District of New Mexico against N&W and others for claimed damages relating to the pollution. The Lawsuit is valued in Debtor's Chapter 13 plan as having a value in excess of $3 million. Debtor presented no expert testimony on the probability of success of the Lawsuit or the probable value of the Lawsuit. From the limited evidence presented to this Court, the Court finds that any value is speculative.

11. Debtor seeks to remain in possession of the subleased premises to preserve evidence for the Lawsuit.

12. At trial, the Court did not recognize Mr. Ferguson as an expert witness on lease rates in Albuquerque or on commercial transactions that deal with lease rates in Albuquerque. The Court therefore cannot find the value, if any, of the space or the space's benefit to the estate.

13. Mr. Ferguson testified that the lease had a value to N&W, but Mr. Ferguson was not qualified as an expert and could not testify as to that value.  N&W's lease obligation to Bungay is about $500 less per month than Debtor's obligation to N&W.  Mr. Ferguson also testified that he could relet the space at $3,500 per month. N&W's lease with Bungay ends in 2010.  Therefore, the lease is a depreciating asset.

14. Subsequent to the hearings on confirmation and N&W's stay motion and application for administrative expense the Bungays sought and obtained relief from the automatic stay on the 717 Coal property (doc 139).

15. Whether the Debtor was constructively evicted or damaged by the pollution is the subject of the hotly litigated lawsuit. For the purposes of this bankruptcy case, however, the Court finds by a slim preponderance of the evidence that the Debtor was constructively evicted by the pollution.  The Court also finds that N&W and/or the Bungays failed to provide a habitable space and/or failed to provide for Debtor's quiet enjoyment of the property.

16. Debtor failed to provide sufficient evidence for the Court to find the value of the inventory stored in the subleased space.  There is also an unresolved question in the record over whether the estate even owns 100% of the inventory, or

whether it is owned by a joint venture in which Debtor participates.

17. According to the documents in evidence, N&W has a continuing rent obligation to Bungay.

18. As adequate protection, Debtor's plan proposes to assume the sublease "outside the plan" but pay prepetition arrearages through the plan. The plan also provides that until the premises are "habitable" no rent is due to N&W. Debtor additionally intends to turn over 5,000 books entitled "the Crow" with a claimed retail value of $25.00 per book (but a $10.00 wholesale value per book) to provide adequate protection. Debtor's plan also states that N&W will retain its prepetition landlord's lien on the inventory or on the insurance claims on the inventory.

19. Mr. Ferguson is an attorney and there was no evidence presented that he would be able to realize any amount on the books if turned over.

20. The Court finds that value of the books is speculative and that the value of a lien on an insurance claim is speculative.

21. The Court has taken judicial notice of the Debtor's Schedules filed in this case, and finds that Debtor listed "Norfolk & Whei Corporation" on Schedule F as an unsecured creditor, Attn: Will Ferguson, at the Albuquerque address

Case 04-18262-s13    Doc 174    Filed 08/11/06    Entered 08/11/06 10:39:02 Page 5 of 11

that appears on the motions in this case as Mr. Ferguson's law office. Schedule G also lists the sublease as an executory lease with "Norfolk & Whei Corporation" at the same address.

22. The Court finds that Debtor has not shown by a preponderance of the evidence that his Chapter 13 plan is feasible.

**CONCLUSIONS OF LAW**

1. <u>N&W's standing.</u>

The first issue for the Court to determine is whether N&W is the proper party to bring the stay motion and the motion for an administrative claim. Debtor claims that, since there is no Norfolk and Whei Corporation licensed to do business in the state of New Mexico, it must be an unregistered foreign corporation and therefore unable to avail itself of this state's courts.

A business can use an assumed name. <u>Spain Management Co. v. Pack's Auto Sales, Inc.</u>, 54 N.M. 64, 68, 213 P.2d 433, 435 (1950). <u>See also</u> 6 Fletcher Cyclopedia of the Law of Private Corporations (hereafter, "Fletcher") § 2442 ("[A] corporation has the same freedom as an individual to adopt and use an assumed or fictitious name in conducting its business.") Therefore, N&W could use the name Norfolk & Whei Corporation to conduct business.

The New Mexico statutes do not preclude N&W's use of the name Norfolk & Whei Corporation. Section 53-19-3 only prohibits

Case 04-18262-s13    Doc 174    Filed 08/11/06    Entered 08/11/06 10:39:02 Page 6 of 11

an LLC from having a name indistinguishable from other entities "existing under the laws of the state." There is no existing entity named Norfolk & Whei Corporation.

Even if N&W should not have used that name, a slight discrepancy in a corporate name does not invalidate a contract. <u>State v. Regents of University of New Mexico</u>, 32 N.M. 428, 431, 258 P. 571, 572 (1927). The evidence at trial demonstrated that there was a slight discrepancy in the name used on the sublease. Therefore, the sublease is still valid. <u>See also</u> 6 Fletcher § 2444:

> [T]he misnomer of a corporation generally will not be treated by the courts as material, if the identity of the corporation is reasonably clear or can be ascertained by sufficient evidence. In other words, slight departures from the name used by the corporation, such as the omission of a part of its name or the inclusion of additional words, generally will not affect the validity of contracts or other business transactions as long as the identity of the corporation can be reasonably established from the evidence.

(Footnotes omitted.) <u>Accord</u> <u>Wyandot, Inc. v. Gracey Street Popcorn Co., Inc.</u>, 208 Conn. 248, 255, 544 A.2d 180, 183 (1988):

> It is a general rule that in case of a misnomer of a corporation in a grant, obligation or written contract, if there is enough expressed to show that there is such an artificial being and to distinguish it from all others, the corporation is sufficiently named although there is a variation of words and symbols.

(<u>Quoting</u> <u>Seaboard Comm. Corp. v. Leventhal</u>, 120 Conn. 52, 54-55, 178 A. 922 (1935).)

Case 04-18262-s13    Doc 174    Filed 08/11/06    Entered 08/11/06 10:39:02 Page 7 of 11

Furthermore, it is proper for the Court to consider the evidence presented at trial about the identity of the sublessor. In other words, the parol evidence rule does not apply when there is a question about who the parties are to a contract. See DeCordova v. Korte, 7 N.M. 678, 684, 41 P. 526, 528 (1895), aff'd. sub nom Naeglin v. DeCordoba, 171 U.S. 638 (1898) (Evidence outside the document can be used to establish identity of the parties, but not to defeat the document's operation); and Ellis v. Stone, 21 N.M. 730, 742, 158 P. 480, 484 (1916) (Court looks to "evidence aliunde the instrument" to identity the real parties.) Accord Patton v. Bearden, 8 F.3d 343, 348 (6th Cir. 1993) ("Under Tennessee law, parol evidence is ordinarily admissible to establish the identities of the parties to a contract or other legal instrument.") (Citation and internal punctuation omitted.); Affordable Elegance Travel, Inc. v. Worldspan, L.P., 774 A.2d 320, 327 (D.C. Ct. App. 2001) (The parol evidence rule applies only to the actual terms of the contract itself, not to the preliminary determination of who the contracting parties are.)

Even if the parol evidence rule applied in this case, under New Mexico law the Court can hear parol evidence of the circumstances surrounding the making of a contract to determine whether a term of the contract is unclear. Bogle v. Summit Investment Co., LLC, 137 N.M. 80, 86, 107 P.3d 520, 526 (Ct. App.

2005)(Citing Mark V., Inc. v. Mellekas, 114 N.M. 778, 781-82, 845 P.2d 1232, 1235-36 (1993) and C.R. Anthony Co. v. Loretto Mall Partners, 112 N.M. 504, 510, 817 P.2d 238, 244 (1991).) In this case, the parol evidence indicates that the lessor was N&W.

Finally, New Mexico law favors a reasonable rather than unreasonable interpretation of a contract. State ex. rel. Udall v. Colonial Penn Ins. Co., 112 N.M. 123, 130, 812 P.2d 777, 784 (1991). In this case, the Court has a choice of construing the lease as one between N&W, who is before the Court seeking relief, and Debtor or as one between Debtor and an unidentified and unregistered foreign corporation that has not received rent in over one year, is not listed on Debtor's schedules as a creditor, and is not before the Court. The Court finds that the former is more reasonable.

Therefore, the Court finds that the identity of the sublessor is N&W and N&W has standing to bring these motions.

2. Stay relief.

On April 19, 2006, the Court ordered that the automatic stay would be terminated on the 717 Coal property. N&W's motion is therefore denied as moot. See also 11 U.S.C. § 362(b)(10).

3. Administrative claim.

The Court finds that rent was abated on N&W's leased premises from before the bankruptcy was filed through the date the automatic stay was terminated and, presumably, Debtor left

the premises and the sublease was terminated.  <u>See</u> Restatement 2d Property: Landlord & Tenant § 5.4.  Therefore, no administrative rent is due.

Alternatively, N&W had the burden of proof of establishing that it was entitled to an administrative expense priority. <u>General American Transportation Corp. v. Martin (In re Mid Region Petroleum, Inc.)</u>, 1 F.3d 1130, 1132 (10th Cir. 1993).  There must be a real benefit to the estate from the transaction for which an administrative expense priority is given.  <u>Id.</u> at 1133. Potential benefit does not satisfy the requirement.  <u>Id.</u>  N&W did not meet its burden of proof.  N&W did not establish the value (if any) of the premises to the estate.

4.  <u>Confirmation</u>.

To confirm a plan, a debtor must show that the plan complies with 11 U.S.C. § 1325.  Section 1325(a)(6) requires a finding that the debtor will be able to make all payments under the plan and to comply with the plan.  Debtor failed to meet his burden of demonstrating this feasibility.  Confirmation will be denied.

THEREFORE, IT IS ORDERED:

A. Confirmation of Debtor's Chapter 13 plan is denied;

B. Norfolk & Whei's Motion for Relief from Automatic Stay is denied as moot; and

C. Norfolk & Whei's Application for Treatment of Rent as a Priority Administrative Expense is denied.

Case 04-18262-s13    Doc 174    Filed 08/11/06    Entered 08/11/06 10:39:02 Page 10 of 11

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

copies to:

Jeffrey A Goldberg
PO Box 254
Albuquerque, NM 87103-0254

Jeffrey S. Trespel
1720 Louisiana Blvd NE Ste 100
Albuquerque, NM 87110-7069

George M Moore
PO Box 216
Albuquerque, NM 87103-0216

Steven K Eisenberg
410 The Pavilion
Jenkintown, PA 19046-3722

Ronald Alan Davidson
PO Box 51744
Albuquerque, NM 87181

Kelley L. Skehen
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102-3111